UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLARENCE LIVINGSTON,

                        Plaintiff,

        against

DETECTIVE JOHN DOE., et al.,

                        Defendants.

CIVIL ACTION NO.: 20 Civ. 2009 (LTS) (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge:

## I.      INTRODUCTION

By motion dated March 4, 2020, Plaintiff Clarence Livingston requests the appointment of pro bono counsel.  (ECF No. 4).  For the reasons stated below, Livingston's application for pro bono counsel is DENIED without prejudice to re-filing after he submits an amended complaint.

## II.      BACKGROUND

### A.   Factual Background

Livingston is a prisoner at Groveland Correctional Facility.  (ECF No. 2 at 2).  He alleges that on May 18, 2016, while traveling on a train, he was arrested by an unknown detective and charged with "criminal possession of [s]tolen property 4th degree."  (Id. at 4).  A grand jury indicted him for that offense.  (See Indictment No. 02727-2016 (the "First Indictment").  (Id.)  On April 4, 2018, the state court dismissed the charges for "lack of sufficient facts" and sealed the records.  (Id.)  Between the date of his arrest and the dismissal, Livingston alleges that he was incarcerated for 23 months based on the First Indictment.  (Id.)  Livingston claims that he was not allowed to credit the 23 months he was incarcerated based on the First Indictment toward his present conviction and sentence under Indictment No. 02264-2018 (the "Second Indictment").

(Id.)  He argues that the state court's failure to credit his 23 months to the present sentence under the Second Indictment "amounts to a violation of the Eighth Amendment (cruel and unusual punishment) and the [F]ourteenth Amendment (Due process [o]f Law) pursuant to 28 USCA 1331 and Federal Tort Claim[s] Act 28 USCA 1346(b); 2671)."  (Id. at 4–5).

He also asserts claims for false arrest, malicious prosecution, unlawful imprisonment, and infliction of emotional distress due to negligence and recklessness by the District Attorney's Office.  (ECF No. 2 at 5).  He seeks $3 million in damages for his pain, suffering, mental anguish, loss of family ties, and loss of employment.  (Id.)

In Livingston's application for pro bono counsel, he alleges under penalty of perjury that he needs pro bono counsel because he has trouble understanding technical and legal words, including state and federal civil procedure.  (ECF No. 4 at 1).  He also asserts that he does not know how to properly apply the terms to his situation in preparing his pleadings.  (Id.)  He argues that he has written to attorneys who responded that they do not provide pro bono assistance, or did not respond at all.  (Id. at 2).

**B.  Procedural Background**

On March 4, 2020, Livingston commenced this action under 42 U.S.C. § 1983.  (ECF No. 2).  On the same day, Livingston requested to proceed in forma pauperis, which the Honorable Laura Taylor Swain granted on March 9, 2020.  (ECF Nos. 1, 5).  On March 25, 2020, Judge Swain issued an Order of Service that:  (1) dismissed some of Livingston's claims; (2) ordered Defendants to ascertain and produce the name and address of the John Doe Detective who arrested Livingston; (3) ordered Livingston to file an amended complaint within thirty days of receipt of that information; and (4) ordered the United States Marshals to serve the summons and

complaint on the City of New York (the "Order of Service").  (ECF No. 7).  On March 4, 2020, Livingston filed the present appointment of pro bono counsel.[1]  (ECF No. 4).  On March 26, 2020, this case was referred to the undersigned to supervised pre-trial matters.  (ECF No. 8).  On April 9, 2020, the City of New York was served with the summons and complaint.

### III.   LEGAL STANDARDS

Pursuant to Supreme Court and Second Circuit precedent, the Court must liberally construe pro se pleadings.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

Litigants unable to pay for counsel do not have a constitutional right to counsel in civil actions.  Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008).  The Court may grant pro bono counsel to a person who cannot afford one if her "'position seems likely to be one of substance.'"  Id. (quoting Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997)).

The Court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172 (2d Cir. 1989); see Hodge v. Police Officers, 802 F.2d 58, 60–62 (2d Cir. 1986) (the Court should consider the litigant's ability to investigate the facts, need for cross-examination, complexity of the issues, and any special reason why appointment of

---

[1] In his application, Livingston incorrectly checked the box stating that he had not previously filed an in forma pauperis application and had attached such application showing his financial status.  (ECF No. 4 at 1).  The docket is clear that he had previously filed an in forma pauperis application so the Court deems his error an oversight.

counsel would more likely lead to a just determination).  Of these, "[t]he factor which command[s] the most attention [is] . . .  the merits."  Cooper, 877 F.2d at 172.  As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper, 877 F.2d at 174.

The Second Circuit has stated that "counsel is often unwarranted where the [pro se litigant's] chances of success are extremely slim, and advised that a district judge should determine whether the pro se litigant's position seems likely to be of substance, or showed some chance of success."  Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003) (internal citation omitted).  It is important that "[pro se] litigants seeking appointed counsel [] first pass the test of likely merit."  (Id.) (internal citation omitted).

Although the Court should not appoint counsel "indiscriminately," a plaintiff need not demonstrate that her claims would survive a motion to dismiss or for summary judgment, but need only satisfy a "threshold showing of merit."  Hendricks, 114 F.3d at 393–94.

## IV.    DISCUSSION

Based on Judge Swain's grant of Livingston's in forma pauperis motion, the Court concludes that Livingston is unable to pay for private counsel.  Given Livingston's declaration that he has written to numerous attorneys for assistance, to no avail, the Court finds that he has made necessary efforts to obtain counsel.  The Court also credits Livingston's statements that he has difficulty understanding and applying legal words to his arguments.

4

Based Judge Swain's analysis and dismissal of most of Livingston's claims, as detailed in the Order of Service, the Court concludes that Livingston has failed to meet the merits threshold. Judge Swain dismissed Livingston's claims against the New York County District Attorney's Office, "based on actions within the scope of the District Attorney's official duties and associated with the conduct of a trial" because Livingston sought "monetary relief against a defendant who is immune from suit." (Id. at 3) (citing 28 U.S.C. § 1915(e)(2)(B)(iii)). Judge Swain also dismissed Livingston's claims against the New York County Supreme Court because a "court is not a 'person' within the meaning of § 1983" and cannot be sued. (Id.) (quoting Zuckerman v. Appellate Div., Second Dep't, 421 F.2d 625, 626 (2d Cir. 1970)). In addition, "'New York state courts are immune from suits under the Eleventh Amendment.'" (Id. at 3–4) (quoting Goldberg v. Roth, No. 99 Civ. 11591, 2001 WL 1622201, at *4 (S.D.N.Y. Dec. 17, 2001)). Judge Swain also noted that to challenge his current sentence, imposed by a state court, Livingston would have "to file a petition for writ of habeas corpus[, under 28 U.S.C. § 2254] after he exhausts his state remedies." (Id. at 5 n.2) (citing Cook v. N.Y. Sate Div. of Parole, 321 F.3d 274, 278 (2d Cir. 2003)). In addition, to challenge the execution of his sentence, Livingston would need to file a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Id.) (citing Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004)).

Judge Swain found that as a pro se litigant, Livingston is "entitled to assistance from the district court in identifying a defendant." (ECF No. 7 at 5) (citing Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997)). Judge Swain continued that because Livingston "supplies sufficient information to permit the New York City Law Department to identify the John Doe [D]etective who arrested [him] on May 18, 2016," the New York City Law Department was ordered to

ascertain the John Doe Detective's identity and an address where he can be served, and provide that information to Livingston by May 25, 2020, within sixty days of Judge Swain's Order.  (Id.) Livingston was ordered to file an amended complaint within thirty days of receiving the information, that is, by June 25, 2020.  (Id.)

Even construed liberally Livingston's pleading in the Complaint regarding the John Doe Detective is bare, only arguing that he was falsely arrested without probable cause.  See Erickson, 551 U.S. at 94.  The Court finds that Livingston has not met the merits threshold.  Given, however, Livingston's pro se status and anticipated amended complaint, the Court denies his motion for pro bono counsel without prejudice to re-file after filing his amended complaint.

In the interim, Livingston is reminded that he may seek assistance from the New York Legal Assistance Group.  Additional information can be found online at nylag.org; by calling 212-613-5000; or by emailing info@nylag.org.  In addition, the United States District Court for the Southern District of New York has a Pro Se Intake Unit with information to assist individuals who are representing themselves in the Southern District without the assistance of an attorney. Additional information can be found online at nysd.uscourts.gov/prose; by calling at 212-805-0175; or emailing Temporary_Pro_Se_Filing@nysd.uscourts.gov.  Livingston is notified that the SDNY Pro Se Intake Unit will only temporarily accept emails as a response to the COVID-19 pandemic and will cease accepting emails once the pandemic subsides.

In addition, Livingston is strongly encouraged to consent to receiving electronic service of case activity through notifications sent by email from the Court's Electronic Case Filing system by submitting the Consent to Electronic form found online at https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

## V.    **CONCLUSION**

For the reasons stated above, Livingston's application for pro bono counsel is DENIED without prejudice to re-file after filing his amended complaint.  The Clerk of Court is respectfully directed to close ECF No. 4.  Chambers has mailed a copy of this Order to Livingston at the address below.

Dated:        New York, New York
              April 27, 2020

                                SO ORDERED

                                _____
                                **SARAH L. CAVE**
                                **United States Magistrate Judge**

Copies Mailed by Chambers To:        Clarence Livingston
                                     DIN No. 18R2570
                                     Groveland Correctional Facility
                                     P.O. Box 50
                                     Sonyea, NY 14556-0050