```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/17/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
CLARENCE LIVINGSTON,                                                    :
                                                                        :
                              Plaintiff,                                :
                                                                        :           20-CV-2009 (JPC)
              -v-                                                       :
                                                                        :           ORDER
DETECTIVE YEURIS MEJIA, SHIELD NO. 3936 et al.,                         :
                                                                        :
                              Defendants.                               :
                                                                        :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      Plaintiff Clarence Livingston, currently incarcerated at Groveland Correctional Facility, is proceeding *pro se* and *in forma pauperis*. On March 4, 2020, Plaintiff filed a complaint (the "Original Complaint") under 42 U.S.C. § 1983, alleging that he was arrested without probable cause, and that after he spent 23 months in pretrial detention, the charges were dismissed. (Dkt. 2)

      On March 25, 2020, the Honorable Judge Laura T. Swain issued an order of service as to the City of New York, and directed the New York City Law Department, under *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), to identify Doe defendants. (Dkt. 7).[1] That order also directed Plaintiff to file an amended complaint once the Law Department responded to the *Valentin* order, and informed Plaintiff that the amended complaint would replace, not supplement, the Original Complaint. (*Id.*). The New York City Law Department appeared on behalf of the City of New York, filed an answer, and provided the names and addresses of two Doe defendants, namely, Detective Yeuris Mejia and Detective Cesar Gonzalez. (Dkts. 11, 18, 19). The matter was then reassigned to the undersigned on October 5, 2020.

---

[1] That order also dismissed several improper defendants from the action.

On November 13, 2020, Plaintiff filed an amended complaint (the "Amended Complaint") naming Detective Mejia and Detective Gonzalez as defendants. The Amended Complaint does not name the City of New York as a defendant and provides few facts about the events giving rise to this action. (Dkt. 23). Despite an amended complaint ordinarily superseding the previous complaint, *Int'l Controls Corp v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), some courts will consider a *pro se* plaintiff's original complaint and the amended complaint together as the operative pleading. *See, e.g.*, *Jarvois v. Ferrara*, No. 1:18 Civ 3997 (GHW), 2020 WL 6585701, at *1 (S.D.N.Y. Nov. 9, 2020); *Fleming v. City of New York*, No. 10 Civ. 3445 (AT), 2014 WL 6769618, at *3 (S.D.N.Y. Nov. 26, 2014). The Court construes Plaintiff's Original Complaint and Amended Complaint as the operative pleading. The Clerk's Office is respectfully directed to include the Original Complaint in the service package, to provide context for Plaintiff's claims (Dkts. 2, 23).

**A.     City of New York**

Plaintiff named the City of New York as a defendant in the Original Complaint, and the City of New York filed an answer, but Plaintiff did not name the City of New York as a defendant in the Amended Complaint. Under Rule 21 of the Federal Rules of Civil Procedure, the Court, on its own motion, "may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice.").

In light of Plaintiff's *pro se* status and his clear intention to assert claims against the City of New York, the Clerk of Court is directed, under Rule 21 of the Federal Rules of Civil Procedure, to add the City of New York as a defendant. This substitution is without prejudice to any defenses that the City of New York may wish to assert.

B.     **Order of Service**

Because Plaintiff has been granted permission to proceed *in forma pauperis*, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [*in forma pauperis*] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed *in forma pauperis*). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding *in forma pauperis* and could not have served the summons and Amended Complaint until the Court reviewed the Amended Complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the Amended Complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding *in forma pauperis*] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Mejia and Gonzalez through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court also directs the Clerk of Court to add the City of New York as a defendant in this action. Fed. R. Civ. P. 21.

Finally, the Clerk of Court is directed to complete the USM-285 forms with the addresses for Defendants Mejia and Gonzalez (Dkt. 19) and deliver all documents necessary to effect service to the U.S. Marshals Service, **which should include both the Original Complaint (Dkt. 2) and the Amended Complaint (Dkt. 23)**.

SO ORDERED.

Dated: November 17, 2020
New York, New York

_____
JOHN P. CRONAN
United States District Judge