UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
CLARENCE LIVINGSTON, :
:
:
Plaintiff, :
: 20 Civ. 2009 (JPC)
-v- :
: OPINION AND
: ORDER
DETECTIVE YEURIS MEJIA, DETECTIVE CESAR :
GONZALEZ, and CITY OF NEW YORK, :
:
Defendants. :
:
-----------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Clarence Livingston was arrested by Detective Yeuris Mejia on May 18, 2016, and charged with criminal possession of stolen property in the fourth degree. He spent twenty-three months in detention awaiting trial before his charges were ultimately dismissed. Livingston was arrested again on unrelated charges, and was ultimately convicted and reincarcerated. Livingston brings this *pro se* action against Detective Mejia and Detective Cesar Gonzalez, alleging false arrest, false imprisonment, and malicious prosecution pursuant to 42 U.S.C. § 1983 and state law, and negligent and intentional infliction of emotional distress under state law. He also appears to allege municipal liability against the City of New York. Defendants moved to dismiss the entirety of Livingston's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). For reasons that follow, the Court grants Defendants' motion, and dismisses Livingston's section 1983 false arrest and false imprisonment claims with prejudice, and dismisses his remaining claims without prejudice.

## I. Background

### A. Documents Considered

In considering a motion to dismiss under Rule 12(b)(6), a court may consider not only the facts alleged in the complaint, but also "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, . . . and documents possessed by or known to the plaintiff upon which it relied in bringing the suit." *Tongue v. Sanofi*, 816 F.3d 199, 209 (2d Cir. 2016) (quoting *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)). "[M]ere notice or possession," however, "is not enough." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 231 (2d Cir. 2016) (internal quotation marks omitted); *accord Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). In addition, there cannot be any dispute "regarding the authenticity or accuracy," *Nicosia*, 834 F.3d at 231 (quoting *DiFolco*, 622 F.3d at 111), or "relevance of the document[s]" to be considered, *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006).

In support of their motion, Defendants filed a declaration from James R. Murray, attorney for Defendants. Dkt. 36 ("Murray Declaration"). Attached to the Murray Declaration is "a true and accurate copy of Livingston's online prisoner arraignment form." Murray Declaration ¶ 5; *id.*, Exh. C ("Online Prisoner Arraignment Form"). Defendants ask the Court to consider the Online Prisoner Arraignment Form in deciding the Rule 12(b)(6) motion, particularly for the assertion that "on May 19, 2016, Livingston was arraigned on the charges at issue in this case." Murray

Declaration ¶ 5; *see also* Dkt. 37 ("Motion") at 4-5. Defendants do not argue that the Online Prisoner Arraignment Form was incorporated by reference in the Amended Complaint, Dkt. 23 ("Am. Compl."), or that it is integral to the Amended Complaint, but rather that the Court can take judicial notice of it. Motion at 4-5.

The Court may take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (quoting *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998)).

The Online Prisoner Arraignment Form details the timeline of Livingston's arrest, booking, and arraignment. *See* Online Prisoner Arraignment Form at 1. Among other things, it states that Livingston was arrested on May 18, 2016, and that he was arraigned before a magistrate judge on May 19, 2016. *Id.* Courts routinely take judicial notice of "matters of public record" like the Online Prisoner Arraignment Form. *See Bryant v. Rourke*, No. 15 Civ. 5564 (SJF) (GRB), 2017 WL 1318545, at *3 (E.D.N.Y. Feb. 8, 2017) (recognizing that "judicial notice may be taken of public records, including arraignments, arrest reports, criminal complaints and indictments, certificates of disposition, and arrest warrants" (cleaned up)); *Parker v. City of New York*, No. 09 Civ. 910 (JG), 2010 WL 1693007, at *3 n.2 (E.D.N.Y. Apr. 28, 2010) (taking judicial notice of the date of arraignment from a state court record in determining whether the statute of limitations had run on a false arrest claim). Nothing suggests that the Online Prisoner Arraignment Form

3

attached to the Murray Declaration is inaccurate; in fact, the form corroborates certain aspects of Livingston's own claims, including that he was arrested on May 18, 2016. *See* Online Prisoner Arraignment Form at 1; Am. Compl. at 1. Accordingly, the Court takes judicial notice of the Online Prisoner Arraignment Form pursuant to Rule 201(b) solely for the facts that Livingston was arrested on May 18, 2016 and arraigned on May 19, 2016.

**B. Factual Background**

The following facts are taken primarily from the Amended Complaint and from exhibits attached to Livingston's initial Complaint, *see* Dkt. 2 ("Compl."); *see also* Dkt. 24 at 2 ("The Court construes Plaintiff's Original Complaint and Amended Complaint as the operative pleading."). For purposes of resolving Defendants' Rule 12(b)(6) motion, the Court accepts the operative pleadings' factual allegations as true and "draw[s] all inferences in the plaintiff's favor." *Biro v. Condé Nast*, 807 F.3d 541, 544 (2d Cir. 2015). As discussed above, the Court also considers the Online Prisoner Arraignment Form solely for the timeline of Livingston's arrest and arraignment.

On May 18, 2016, Detective Mejia arrested Livingston without a warrant in the vicinity of 14th Street and 8th Avenue in Manhattan. Am. Compl. at 1. Detective Mejia escorted Livingston to the 14th Street Precinct of the New York City Police Department and charged him with criminal possession of stolen property in the fourth degree. *Id.* The next day, on May 19, 2016, Livingston was arraigned, and at some point thereafter, a state court grand jury indicted him. *See* Online Prisoner Arraignment Form at 1; Am. Compl. at 1. Nearly two years later, sometime on or around April 4, 2018, the state court judge presiding over Livingston's case dismissed the criminal complaint "for lack of sufficient facts from the arresting Detective." Am. Compl. at 1-2; Compl., Exh. A. Months after his release, Livingston was convicted of charges unrelated to his first arrest,

4

and on September 4, 2018, he was reincarcerated. *Id.*, Exh. B. At sentencing, the judge refused to credit the twenty-three months Livingston had spent in detention awaiting trial for the charges arising out of his May 18, 2016 arrest toward his present sentence. Am. Compl. at 1-2; Compl., Exh. B.

**C. Procedural History**

Livingston filed his original Complaint on March 4, 2020, against an unnamed detective, the "Manhattan District Attorney," and the "Supreme Court of [the] State of New York." Compl. at 1, 3. In it, he alleged that the state court judge who sentenced him had violated his Eighth and Fourteenth Amendment rights by refusing to credit his previous time served in pretrial detention toward his present sentence; that the unnamed detective had falsely arrested him on May 18, 2016; and that the district attorney had subjected him to "malicious prosecution[,] unlawful imprisonment[,] and infliction of emotional distress due to the District Attorney's Office['s] negligence and recklessness." Compl. at 4-5. The case was assigned to the Honorable Laura Taylor Swain, and on March 25, 2020, Judge Swain dismissed Livingston's claims against the New York County District Attorney's Office and the New York County Supreme Court on grounds that they were improper defendants, and ordered Livingston to file an amended complaint naming the detective he sought to sue. Dkt. 7 at 3-5. On October 5, 2020, the case was reassigned to the undersigned. On November 13, 2020, Livingston filed the Amended Complaint, naming Detectives Mejia and Gonzalez as Defendants, and reiterating substantially the same claims as those alleged in the Complaint. *See generally* Am. Compl. On November 17, 2020, the Court directed the Clerk of Court to add the City of New York as a Defendant because Livingston had "named the City of New York as a defendant in the original Complaint, and the City of New York filed an answer, but [Livingston] [ha]d not name[d] the City of New York as a defendant in the

5

Amended Complaint." Dkt. 24 at 2. Defendants moved to dismiss on March 5, 2021. Despite repeated extensions, Dkts. 42, 44, 46, 49, 52, Livingston has not opposed the Motion.

## II. Legal Standards

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although the Court must "accept[] as true the factual allegations in the complaint and draw[] all inferences in the plaintiff's favor," *Biro*, 807 F.3d at 544, it need not "accept as true legal conclusions couched as factual allegations," *Lafaro v. N.Y. Cardiothoracic Grp. PLLC*, 570 F.3d 471, 475-76 (2d Cir. 2009).

The Court must construe *pro se* submissions "liberally" and interpret them "to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (per curiam) (internal quotation marks omitted). But a *pro se* complaint still "must state a plausible claim for relief." *Id.* "Even in a *pro se* case . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). Moreover, where, as here, a party has failed to oppose or otherwise respond to a motion to dismiss, "[t]he Court must still decide an unopposed motion to dismiss pursuant to Rule 12(b)(6) on its merits." *Barrios v. Bello*, No. 20 Civ. 5228 (JPC), 2021 WL 1630594, at *4 n.3 (S.D.N.Y. Apr. 27, 2021); *accord McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) ("If a complaint is sufficient to state a claim on which

6

relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal.").

### III. Analysis

Livingston alleges that he was "subjected to false arrest, malicious prosecution, unlawful imprisonment[,] and infliction of emotional distress." Am. Compl. at 2. Although the Complaint alleges a violation of Livingston's constitutional rights, Compl. at 4-5, and the Amended Complaint lists multiple Defendants including a municipality, neither the Complaint nor the Amended Complaint identifies what specific claims Livingston asserts under section 1983 and what specific claims, if any, he asserts under state law. Construing Livingston's allegations in the Complaint and the Amended Complaint "liberally," the Court assumes that Livingston brings false arrest, malicious prosecution, and unlawful imprisonment claims under both section 1983 and state law, as such claims are cognizable under both. *See Meadows*, 963 F.3d at 243. The Court also assumes that Livingston brings a state law claim for "infliction of emotional distress." *See, e.g.*, *Delgado v. City of New York*, No. 19 Civ. 6320 (JPC), 2021 WL 2473817, at *19-20 (S.D.N.Y. June 17, 2021) (analyzing emotional distress claims under state law, separately from the plaintiff's other claims pursuant to section 1983).

**A. Section 1983 False Arrest and False Imprisonment**

Construed liberally, Livingston asserts claims for false arrest and false imprisonment pursuant to section 1983 on the basis that he was "unlawfully arrested" on May 18, 2016, unlawfully detained thereafter, and released on April 13, 2018 after the judge presiding over his

prosecution dismissed the charges against him. Am. Compl. at 1, 3. Defendants argue that Livingston's false arrest claim is time-barred.[1]

"The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009). Although the applicable statute of limitations in a section 1983 case is determined by state law, "'the time at which a § 1983 claim accrues 'is a question of federal law,' 'conforming in general to common-law tort principles.'" *McDonough v. Smith*, 139 S. Ct. 2149, 2155 (2019) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "That time is presumptively 'when the plaintiff has a complete and present cause of action.'" *Id.* (quoting *Wallace*, 549 U.S. at 388); *see also Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997). Claims of false arrest and false imprisonment accrue "when [the plaintiff] is bound over by a magistrate or arraigned on charges." *Wallace*, 549 U.S. at 389.

Livingston's claims of false arrest and false imprisonment under section 1983 are time-barred because he initiated this action over three years after his arraignment. Livingston was arrested on May 18, 2016, and he was arraigned the next day. *See* Am. Compl. at 1; Online Prisoner Arraignment Form at 1. Livingston did not file his Complaint until March 4, 2020,

---

[1] Although Defendants do not make any specific reference to Livingston's false imprisonment claim, the "elements of a claim for false imprisonment made pursuant to Section 1983 are the same as those for false arrest," *Copeland v. New York City Police Dep't*, No. 97 Civ. 4224 (DLC), 1998 WL 799169, at *2 (S.D.N.Y. Nov. 13, 1998), and, thus, "the claims are analyzed in identical fashion," *Mitchell v. Home*, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005); *see also Leibovitz v. Barry*, No. 15 Civ. 1722 (KAM), 2016 WL 5107064, at *8 (E.D.N.Y. Sept. 20, 2016) (analyzing false arrest and false imprisonment claims under both section 1983 and New York law as "essentially the same causes of action"); *Murry v. Williams*, No. 05 Civ. 9438 (NRB), 2007 WL 430419, at *5 (S.D.N.Y. Feb. 8, 2007) ("[W]e consider claims of false arrest and false imprisonment to be synonymous causes of action, as the elements of both claims under New York law are the same." (citing *Covington v. City of New York*, 171 F.3d 117, 125 (2d Cir. 1999)).

Compl. at 1, nearly four years after his arraignment. Because the constitutional violation Livingston alleges occurred over three years prior to his initiation of this suit, his false arrest and false imprisonment claims under section 1983 are time-barred.[2]

## B. Section 1983 Malicious Prosecution

Livingston also brings a claim for malicious prosecution under section 1983. Am. Compl. at 2. Although the Amended Complaint alleges that he was "malicious[ly] prosecut[ed] . . . due to the District Attorney['s] negligence and recklessness," *id.* at 2, and Judge Swain previously dismissed the claims against the New York County District Attorney's Office, Dkt. 7 at 3, the Court interprets the Amended Complaint "liberally" and analyzes Livingston's malicious prosecution claims against the remaining Defendants. *Meadows*, 963 F.3d at 243. Defendants argue that Livingston has not adequately pleaded the elements of a malicious prosecution claim, including that the criminal proceedings against Livingston were motivated by malice.

---

[2] Livingston also contends that the judge who presided over his September 4, 2018 sentencing in the New York Supreme Court refused to credit the twenty-three months that he had spent in detention awaiting trial for the charges arising out of his May 18, 2016 arrest. Am. Compl. at 2-3; Compl. at 4-5. Livingston alleges that this failure to credit his prior sentence violated the Eighth Amendment, Fourteenth Amendment, and the Federal Tort Claims Act, 28 U.S.C. § 1346(b). Am. Compl. at 2, Compl. at 5. While a claim arising out of that sentencing may not be time-barred since it occurred on September 4, 2018, even under the most liberal reading of the Complaint and the Amended Complaint, Livingston does not allege that Defendants were involved in any way in his sentencing. It would seem that the only potential defendants against whom Livingston could have brought a claim arising from his September 4, 2018 sentencing would be the judge who sentenced him and the New York Supreme Court, where he was sentenced. But Livingston does not name the judge who sentenced him as a Defendant, nor could he since the judge would be immune from liability. *See Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990) (holding that a New York Supreme Court Justice was "absolutely immune from suit" because "[a] judge defending against a section 1983 suit is entitled to absolute immunity from damages for actions performed in his judicial capacity"). And while Livingston did previously name the New York Supreme Court as a Defendant in his original Complaint, Judge Swain dismissed it as a Defendant, finding that "the court is not a proper defendant, and [Livingston]'s claims against it are dismissed for failure to state a claim on which relief can be granted, and on immunity grounds." Dkt. 7 at 3-4. Accordingly, Livingston has failed to state a claim arising from the judge's refusal to credit the twenty-three months toward his current sentence.

"To state a 42 U.S.C. § 1983 claim for malicious prosecution, a plaintiff must plead both a violation of his rights under the Fourth Amendment and the elements of a malicious prosecution claim under state law." *Dettelis v. Sharbaugh*, 919 F.3d 161, 163 (2d Cir. 2019) (internal quotation marks and citations omitted); *accord Lanning v. City of Glens Falls*, 908 F.3d 19, 24 (2d Cir. 2018). "Under New York law, a malicious-prosecution claim requires a plaintiff to show '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for the defendant's actions.'" *Dettelis*, 919 F.3d at 163-64 (quoting *Murphy v. Lynn*, 118 F.3d 938, 947 (2d Cir. 1997)).

Livingston's section 1983 malicious prosecution claim against Detective Gonzalez cannot succeed because Livingston has not alleged that Detective Gonzalez initiated a prosecution against him. To initiate a prosecution, a defendant must "play[] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." *Manganiello v. City of New York*, 612 F.3d 149, 163 (2d Cir. 2010) (quoting *Rohman v. N.Y.C. Transit Auth.*, 215 F.3d 208, 217 (2d Cir. 2000)). Other than naming Detective Gonzalez as a Defendant in the Amended Complaint, Livingston does not reference Detective Gonzalez's conduct at all, let alone allege that Detective Gonzalez played an active role in his prosecution. Livingston's section 1983 malicious prosecution claim against Gonzalez must, therefore, be dismissed.

Livingston's section 1983 malicious prosecution claim against Detective Mejia similarly fails because Livingston has not alleged that Detective Mejia acted maliciously. In a section 1983 malicious prosecution case, "[m]alice does not require actual spite or hatred, but rather means only that the defendant must have commenced the criminal proceeding due to a wrong or improper motive, something other than a desire to see the ends of justice served." *Arum v. Miller*, 273 F.

Supp. 2d 229, 235 (E.D.N.Y. 2003) (internal quotation marks omitted).  Livingston alleges that Detective Mejia arrested him without a warrant, and later states that his charges were eventually dropped because of a "lack of sufficient facts from the arresting Detective," but does not allege that Detective Mejia acted with any improper motive.  Am. Compl. at 2; *see Arum*, 273 F. Supp. 2d at 235.  The only time Livingston mentions the mental state of any party is when he alleges that the *district attorney* acted "negligen[tly] and reckless[ly]."  Am. Comp. at 2.  But this is insufficient to support a malicious prosecution claim because, as mentioned above, Judge Swain previously dismissed the claims against the New York County District Attorney's Office.  Dkt. 7 at 3.  Thus, even read liberally, the Amended Complaint fails to allege that Detective Mejia initiated Livingston's prosecution with any intention "other than a desire to see the ends of justice served."  *Arum*, 273 F. Supp. 2d at 235.

### C.  *Monell* Claim

The Court previously directed the Clerk of Court to add the City of New York as a Defendant in this action "[i]n light of [Livingston's] *pro se* status and his clear intention to assert claims against the City of New York" in his original Complaint.  Dkt. 24 at 2.  The Amended Complaint does not allege any specific conduct by the City of New York, but construing the Amended Complaint "liberally," *Meadows*, 963 F.3d at 243, the Court analyzes whether Livingston could bring a section 1983 claim against the City.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory."  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the

11

government as an entity is responsible under § 1983." *Id.* at 694; *see also Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) ("Liability under section 1983 is imposed on the municipality when it has promulgated a custom or policy that violates federal law and, pursuant to that policy, a municipal actor has tortiously injured the plaintiff."). A plaintiff may plead facts establishing a policy or custom that violates federal law by alleging one of the following:

> (1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of those who come into contact with the municipal employees.

*Jones v. Westchester Cnty.*, 182 F. Supp. 3d 134, 158 (S.D.N.Y. 2016) (citing *Brandon v. City of New York*, 705 F. Supp. 2d 261, 276-77 (S.D.N.Y. 2010)).

Livingston has not alleged facts sufficient to satisfy any of the possible bases of a *Monell* claim. The Amended Complaint makes no mention of a formal policy endorsed by the City of New York that led to his injuries, nor does it allege that any government officials were responsible for establishing municipal policies that harmed him. *See generally* Am. Compl. He also does not allege that Defendants' alleged conduct was so widespread that it constitutes a custom or usage by the City of New York, or that his alleged injuries were caused by inadequate training or supervision of the individual Defendants by the City of New York. *See generally* Am. Compl. Accordingly, Livingston's assertions that he was unlawfully arrested, imprisoned, and prosecuted by Detectives Mejia and Gonzalez fail to state a claim for municipal liability against the City of New York under *Monell*.

**D. Remaining State Law Claims**

Finally, the Court assumes that Livingston also brings false arrest, false imprisonment, malicious prosecution, negligent infliction of emotional distress, and intentional infliction of emotional distress claims against Defendants under state law. Am. Compl. at 2-3. Because the Court has dismissed Livingston's federal law claims against Defendants, the Court must decide whether it has diversity jurisdiction over the state law claims against Defendants, and, if not, whether to exercise supplemental jurisdiction over those claims. Supplemental jurisdiction allows federal courts to hear state law claims that do not meet the original jurisdiction requirements when those claims "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Under section 1367(c)(3), a court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see also Donzo v. City of New York*, No. 21 Civ. 629 (LGS), 2021 WL 5507027, at *5 (S.D.N.Y. Nov. 23, 2021) (dismissing all of the federal claims against New York City and declining to exercise supplemental jurisdiction over the state law claims brought against the City).

Here, the Court had original jurisdiction only over the federal claims against Defendants. Livingston has not pleaded diversity jurisdiction over the state law claims. The Amended Complaint does not allege where Defendants are domiciled, so the Court cannot determine if the parties are diverse. If even one Defendant is domiciled in New York as Livingston is, his suit would lack complete diversity. *See Ceesay v. Bronx Park Phase III Pres. LLC*, No. 22 Civ. 390 (JPC), 2022 WL 493525, at *2 (S.D.N.Y. Feb. 17, 2022).

While the Court does not have diversity jurisdiction over the state law claims against Defendants, it does have supplemental jurisdiction over these claims because they involve the

13

same core nucleus of operative facts as the federal law claims. But because the Court has dismissed the federal law claims, it declines to exercise supplemental jurisdiction over Livingston's state law claims. *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 130 (2d Cir. 2003) ("In most circumstances, a district court should decline supplemental jurisdiction if all federal claims have been dismissed at the pleading stage."), *abrogation on other grounds recognized by Am. Psych. Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 252 (2d Cir. 2016). Here, the traditional "values of judicial economy, convenience, fairness, and comity" do not favor exercising jurisdiction. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). The Court therefore dismisses Plaintiffs' state law claims against Defendants without prejudice to refiling in state court. *See* 28 U.S.C. § 1367(c)(3); *Cho v. Osaka Zen Spa*, No. 19 Civ. 7935 (ER), 2021 WL 1736813, at *6 (S.D.N.Y. May 3, 2021) ("Although the Court has supplemental jurisdiction over the remaining state law claims against the Moving Defendants, it will decline to exercise this jurisdiction."); *Shi Ming Chen v. Hunan Manor Enter., Inc.*, No. 17 Civ. 802 (GBD), 2018 WL 1166626, at *9 n.4 (S.D.N.Y. Feb. 15, 2018) ("Having dismissed the only claims against Moving Defendants over which it has original jurisdiction, this Court declines to exercise supplemental jurisdiction over the remaining state and common law claims at this early stage in the litigation.").

### E. Leave to Replead

Leave to replead should be freely given when justice so requires. Fed. R. Civ. P. 15(a). Because "[a] *pro se* complaint is to be read liberally[,] . . . the court should not dismiss [the complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (internal quotation marks and alteration omitted). At the same time, however, "where the [party] is unable to demonstrate that he would be able to amend his complaint

in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999).  In light of Livingston's *pro se* status, he may replead his federal claims for malicious prosecution and municipal liability, as well as any related state law claims, against Defendants.  Livingston is not granted leave to amend his false arrest and false imprisonment claims because, as discussed above, it would be futile to do so.  Should Livingston wish to replead, he shall file a letter by May 2, 2022 advising the Court as to whether he intends to file a second amended complaint.

### IV. Conclusion

For the foregoing reasons, Defendants' motion to dismiss the Amended Complaint is granted.  Livingston's section 1983 false arrest and false imprisonment claims are dismissed with prejudice, and his remaining federal claims for section 1983 malicious prosecution and municipal liability and his state law claims are dismissed without prejudice.  By May 2, 2022, Livingston shall file a letter explaining whether he intends to file a second amended complaint.  Livingston is advised that if he does not file a letter by May 2, 2022 expressing his intention to file a second amended complaint, the Court may dismiss his remaining federal claims with prejudice and close this case without providing further notice.  The Clerk of Court is respectfully directed to close the motion pending at Docket Number 35.

SO ORDERED.

Dated: March 31, 2022
       New York, New York

_____
JOHN P. CRONAN
United States District Judge